AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
February 10, 2025
Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Francisco Javier HERNANDEZ-Sanchez | ) | Case No. **4:25-mj-0064** |
| Ivan Alberto LOPEZ-Vertugo | ) | |
| German David LOPEZ-Ortiz | ) | |
| Victor Apolinario CONFORME-Gonzalez | ) | |
| Jose Benito QUIJIJE-Toala | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about January 28, 2025, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Sections 70503, 70506(a)&(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |
| Title 21 United States Code, Section 960(b)(1)(B) | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

(See Affidavit)

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jacqueline Olivas, Special Agent
*Printed name and title*

Sworn to before me and signed by telephone.

Date: February 10, 2025

_____
*Judge's signature*

City and state: Houston, Texas

Peter Bray, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A
## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Homeland Security Investigations (HSI) Special Agent, Jacqueline Olivas, being duly sworn, deposes and states the following:

1. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against Francisco Javier HERNANDEZ-Sanchez, Ivan Alberto LOPEZ-Vertugo, German David LOPEZ-Ortiz, Victor Apolinario CONFORME-Gonzalez, and Jose Benito QUIJIJE-Toala for conspiring to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506(a) & (b); and Title 21, United States Code, Section 960(b)(1)(B).

2. On or about January 28, 2025, at approximately 0740 (PST), while on routine patrol in the Eastern Pacific (EPAC), Coast Guard Cutter (CGC) STONE (STO) deployed small-unmanned aircraft systems (SUAS) and detected a northbound go-fast vessel (GFV) with five persons on board (POB), 399 nautical miles (nm) of Manzanillo, Mexico.

3. CGC STO requested, and U.S. Coast Guard (USCG) District 11 (D11) granted a statement of no objection for a right of visit (ROV) boarding on the GFV, a boat suspected of illicit maritime activity. The authorization provided for the use of force up to and including the firing of warning shots and/or disabling fire, on this vessel. After all, the GFV at issue was reasonably suspected of being without nationality as it displayed no indicia of nationality and was located in international waters.

4. CGC STO was further suspicious of the GFV because packages and fuel barrels visibly appeared on its deck. STO launched a long-range interceptor (LRI) for intercept.

1

5. SUAS identified a second panga (a modest-sized, open boat) consistent with/suspected of being a logistics supply vessel (LSV). The LSV went "dead in water" next to the original GFV. Officials then observed that a fuel transfer occurred between the two vessels.

6. STO requested, and District (D11) granted a statement of no objection for a right of visit boarding on the LSV, a boat also suspected of illicit maritime activity. The use of force up to and including warning shots and/or disabling fire was authorized for this second vessel (the LSV) as officials reasonably suspected of it being without nationality as it displayed no indicia of nationality and was located in international waters. Other factors contributed to officials' reasonable suspicion including fuel barrels observed on deck and the transfer of fuel.

7. The GFV and the LSV subsequently got underway, heading in different directions. SUAS and LRI remained targeting the original GFV. The USCG helicopter working with officials initially encountered a global positioning system (GPS) casualty that delayed launch, its but crew ultimately corrected the issue, allowing for intercept launch.

8. Due to losing visual contact of the LSV, STO directed targeting efforts at the GFV with the helicopter. The helicopter subsequently fired warning shots near the GFV which proved effective and injured no one.

9. The USCG boarding team then approached and boarded the GFV. At this time, five (5) individuals were on board the GFV. These individuals identified themselves as: Francisco Javier HERNANDEZ-Sanchez, Ivan Alberto LOPEZ-Vertugo, German David LOPEZ-Ortiz, Victor Apolinario CONFORME-Gonzalez, and Jose Benito QUIJIJE-Toala.

10. Notably, the GFV flew no physical flag; had no registration document; no registration number, homeport, name, or painted markings appeared on the hull; and an identified master did not make a claim of nationality for the vessel.

11. During the ROV, the boarding team discovered the previously observed packages. USCG conducted two (2) presumptive narcotics identification kit (NIK) tests on different packages, each testing positive for the presence of cocaine, a Schedule II controlled substance. The approximate at sea weight of the cocaine was 1,762 kilograms, a distributable quantity of this dangerous drug.

12. Based on the foregoing facts, I submit that there is probable cause to believe that Francisco Javier HERNANDEZ-Sanchez, Ivan Alberto LOPEZ-Vertugo, German David LOPEZ-Ortiz, Victor Apolinario CONFORME-Gonzalez, and Jose Benito QUIJIJE-Toala conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503; 70506(a) & (b) and Title 21, United States Code, Section 960(b)(1)(B).

Executed in Houston, Texas, on February 10, 2025.

Jacqueline Olivas
Special Agent
Homeland Security Investigations

Subscribed and sworn to telephonically on February 10, 2025, and I hereby find probable cause.

Peter Bray
United States Magistrate Judge
Southern District of Texas

3